[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By memorandum of decision dated March 4, 1997 I dissolved the parties' marriage and entered certain financial orders. The plaintiff filed a motion to reargue on April 25, 1997. Having heard argument from counsel for the plaintiff and the pro se defendant and reviewed my notes of the trial, as well as a portion of the transcript, I grant the relief requested only to the following extent by opening the judgment and:
1. Adding to paragraph 3 of the orders the requirement that periodic alimony terminate upon the remarriage of the plaintiff as well as upon the death of either party;
2. Vacating the order contained in paragraph 5, that the plaintiff pay the defendant 50% of the equity in real property at 7 Mark Lane, Waterbury, in view of the evidence that the defendant's equity in certain real property owned by her in Maine increased by $6400 during the marriage.
My orders were based on the net incomes of the parties; the defendant was receiving no rental income from her Maine property; the plaintiff has the ability to pay the orders as to periodic and lump sum alimony, and I find no inconsistency in the factual findings underlying my orders. Accordingly, the relief requested in the plaintiff's motion to reargue is denied except as otherwise indicated above.
Counsel for the plaintiff shall draft a judgment file or corrected judgment file, as the case may be, and sign and file it within 15 days.
An order concerning the lis pendens will be forthcoming within two weeks.
BY THE COURT
JOSEPH M. SHORTALL, J.